IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| EDUARDO GUADALUPE VIZCAYNO, § <br> (TDCJ No. 02042663), § <br>     Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, § <br> Director, TDCJ-CID, § <br> § <br>     Respondent. § | Civil Action No. 7:22-cv-067-O |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Eduardo Guadalupe Vizcayno ("Vizcayno"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Respondent Bobby Lumpkin, director of that division. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the § 2254 petition must be **DISMISSED**.

### I.   BACKGROUND

Vizcayno is in TDCJ-CID custody pursuant to a judgment and sentence of the 161st Judicial District Court of Ector County, Texas, in cause number D-45,700. Resp. Exhibit A, ECF No. 14-1. Vizcayno pled guilty to intoxication manslaughter and on November 12, 2015, he was sentenced to ten years imprisonment. *Id*. Because Vizcayno challenges the result of a disciplinary action rather than the validity of his conviction, a procedural history of any appeals or state writ applications is not relevant to the Court's disposition of this case. *See* Pet. 5, ECF No. 1.

On June 7, 2022, Vizcayno was notified that he was being charged with two prison

1

disciplinary offenses: (1) threatening to inflict harm, physical or otherwise, on another person who is not an offender, a Level 1, Code 4.0 violation; and, (2) attempting to establish an inappropriate relationship with a staff member, a Level 2, Code 30.1 violation.[1] Disciplinary Hearing Record ("DHR") at 2-4; ECF No. 17-2. The disciplinary hearing officer found Vizcayno guilty based on the investigating officer's offense report, a handwritten letter from the inmate to a staff member, a magazine page with a photo of a knife which was included with the letter, handwriting analysis comparing the letter to a known sample of Vizcayno's handwriting, and various other documents attached to the letter. DHR at 2, ECF No. 17-2. Vizcayno was assessed punishment at: (1) 30 days loss of good-time credit;(2) a loss of 45 days of recreation privileges; and (3) a loss of 45 days of commissary privileges. *Id.* Vizcayno constructively filed the instant petition on June 22, 2022. Pet 10, ECF No. 1.[2]

## II.     ISSUES

Vizcayno's claims can be summarized as follows:

> 1. His due process rights were violated when a witness was not called in his defense, camera footage of the event was not reviewed, and evidence was not considered;
>
> 2. TDCJ officials failed to abide by state policies and procedures;
>
> 3. Prison officials lied and slandered him in this disciplinary hearing, which caused him to suffer cruel and unusual punishment, mental anguish, and the denial of parole; and,
>
> 4. He has been the victim of racial discrimination and retaliation since 2018.

---

[1] TDCJ-CID, Disciplinary Rules and Procedures for Offenders can be accessed via the internet at (<http://www.tdcj.state.tx.us/publications/index.html>/GR-106,    Aug.    2019.pdf>    page    GR-106 Attachments A and B) (last visited July 6, 2023).

[2] A pro se petitioner's federal habeas petition is deemed filed when he delivered the writ petition to prison authorities for mailing. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Vizcayno certified that he placed his § 2254 petition in the mail on June 22, 2022. Pet. 10, ECF No. 1.

Pet. at 6-7, ECF No. 1.

### III. APPLICABLE LEGAL STANDARDS

#### A. Disciplinary Proceedings

Federal courts cannot retry every prison disciplinary dispute. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Rather, they may act only where arbitrary or capricious action is shown in connection with a disciplinary hearing that involves a liberty interest--that is, restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In such cases, due process is satisfied where the inmate receives: (1) 24-hour advanced written notice of the charges against him; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement from the fact-finder that includes the evidence relied on and the reasons for the action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). If those requirements are met, the court only looks to see whether there is some evidence in the record that could support the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

#### B. Exhaustion

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In the case of a prison disciplinary proceeding, the petitioner must exhaust his administrative remedies by pursuing both steps of the grievance process. *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). The grievances must be presented in a procedurally correct manner according to the applicable rules. *Castille*, 489 U.S. at 351. And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v.*

*Connor*, 404 U.S. 270, 275-76 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id*. at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In other words, "'actual innocence' means factual innocence, not merely legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted).

### IV.   ANALYSIS

Vizcayno did initiate the grievance process for filing a Step 1 grievance, to which he received the following response:

> [t]he investigation of this grievance is complete. Disciplinary Case # 20220167635 has been reviewed. The disciplinary charge was appropriate for the offence and the guilty verdict was supported by the preponderance of the evidence. All due process requirements were satisfied, and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted at this time.

DGR at 4. Vizcayno acknowledges he did not submit a Step 2 grievance, but he maintains this is because he had not received the requisite form. Pet., 5-6, ECF No. 1. According to the Offender

Orientation Handbook,[3] "Grievance forms are available from the law library, housing area, shift supervisors, or by contacting the unit grievance office." Vizcayno has not demonstrated that he attempted to obtain a step-2 grievance form himself, rather than wait for someone to send it to him. Nevertheless, because he failed to raise his claims in both step-one and-two grievances, rendering them unexhausted, it would be futile for him to raise the claims in any subsequent state review. Any newly filed grievances would be untimely.[4]

Further, if he were to present his claims to the Texas Court of Criminal Appeals in a state writ, he would be denied relief because disciplinary actions are not cognizable on state habeas review. *See Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986) (holding that the Texas Court of Criminal Appeals will not consider challenges to prison disciplinary actions in a state writ). The general rule, that a state court must explicitly apply a procedural bar to preclude federal review, does not apply when a petitioner fails to exhaust his state remedies. *See Coleman*, 501 U.S. at 735. In such cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id*.

Although federal habeas corpus review is available when administrative remedies either are unavailable or wholly inappropriate to the relief sought, Vizcayno has failed to show that his failure to properly exhaust his administrative remedies is due to neither "an absence of a state corrective process," nor to circumstances rendering that process "ineffective to protect the rights

---

[3].TDCJ-CID, Offender Orientation Handbook can be accessed via the internet at https://www.tdcj.state.tx.us/publications/index.html, February 2017, pdf> page 73 (last visited July 6, 2023).

[4]. *See id* at page 74 (establishing that offenders have fifteen days from the date of the incident to raise as step-one grievance, and fifteen days from a denial of a step one grievance to file a step-two grievance).

of the applicant." 28 U.S.C. §2254(b)(1)(B)(i) and (ii). Exceptions to the exhaustion requirement for federal habeas corpus review apply only in extraordinary circumstances and Vizcayno bears the burden of showing the futility of an administrative review. *State v. Fuller*, 11 F.3d 61, 62 (5th Cir.1994). Moreover, to overcome the procedural bar, a petitioner must demonstrate adequate cause for the default and actual prejudice resulting from such default. *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000).

Vizcayno has failed to establish extraordinary circumstances, futility of the administrative process, or actual prejudice. 28 U.S.C. § 2254(b); *Fuller*, 11 F.3d at 62. Accordingly, the Court finds that all Vizcayno's claims are unexhausted and procedurally barred.[5]

## V. CONCLUSION

For the reasons discussed herein, it is **ORDERED** that Eduardo Guadalupe-Vizcayno's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **6th day** of **July, 2023.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[5]Alternatively, all grounds for relief in Vizcayno's § 2254 petition are dismissed on the merits for the reasons stated in the Respondent's response at pages 7-13.